**[J-21-2019][M.O. - Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

IN RE: PETITION OF J.M.Y.

APPEAL OF: PENNSYLVANIA STATE
POLICE

: No. 33 WAP 2018
:
: Appeal from the Order of the Superior
: Court entered on 2/14/18 at No. 1323
: WDA 2015, vacating the order of the
: Court of Common Pleas of Allegheny
: County entered 3/10/15 at No. CC 1419
: of 2014 and remanding
:
: ARGUED: April 9, 2019

*CONCURRING OPINION*

**CHIEF JUSTICE SAYLOR**                              **DECIDED: OCTOBER 15, 2019**

I join the majority opinion, except that I continue to have difficulty with the Court's treatment of subject matter jurisdiction. *See* Majority Opinion, *slip op.* at 17. Since subject matter jurisdiction connotes "the competency of the court to determine controversies of the general class to which the case presented for consideration belongs," *In re Administrative Order No. 1–MD–2003*, 594 Pa. 346, 354, 936 A.2d 1, 5 (2007) (citations omitted), it is quite tenuous, in my view, to treat time deadlines as implicating a court's subject matter jurisdiction. *Accord In re Petition for Enforcement of Subpoenas (Appeal of M.R.)*, ___ Pa. ___, ___, 214 A.3d 660, 672-75 (2019) (Saylor, C.J., dissenting) (same, for matters of standing).